UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 1 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| CECIL L. MUHAMMED-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11 1909 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff describes himself as a Moorish American National, and objects to his characterization as "Negro, Black, Afro-American, Colored, and African American." Compl. at 1. He alleges that the United States government is holding him hostage in violation of federal law, *id.* at 2, and he appears to allege that only the "U.S. Supreme Court, [a] Special Committee and/or the United Nations International Court of Justice (The World Court, in The Hague, Netherlands)," *id.* at 3, has the authority to effect his incarceration. Plaintiff appears, then, to challenge the conviction and sentence imposed by the Superior Court of the District of Columbia. *Id.* at 4. He demands his immediate release and reparations. *Id.*

Plaintiff's challenge to the Superior Court's jurisdiction is not properly brought in this federal district court. Rather, "[u]nder D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded

the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). No allegations in the complaint show that plaintiff previously has attacked his conviction or sentence in the Superior Court by motion under D.C. Code § 23-110, or that this remedy is inadequate or ineffective.

Furthermore, insofar as plaintiff brings this action under 42 U.S.C. § 1983 and demands monetary relief for his alleged unlawful incarceration, the claim fails. Absent a showing that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus," *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), plaintiff is not entitled to damages.

The complaint fails to state a claim upon which relief can be granted, and it will be dismissed under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). An Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Colly
United States District Judge

DATE: 10/18/11